IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKA SHIMIZU, | ) | Civil No. 21-00370 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS COMPLAINT; AND |
| | ) | (2) DENY PLAINTIFF'S |
| DEAN E. OCHIAI, individually and | ) | APPLICATION TO PROCEED IN |
| in his official capacity as Judge of the | ) | DISTRICT COURT WITHOUT |
| Circuit Court of the First Circuit, State | ) | PREPAYING FEES OR COSTS |
| of Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO: (1) DISMISS
COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On August 30, 2021, Plaintiff Rika Shimizu ("Plaintiff") filed a Complaint for a Civil Case ("Complaint") against the Honorable Dean E. Ochiai, individually and in his official capacity as a Judge of the Circuit Court of the First Circuit, State of Hawaii ("Judge Ochiai"). ECF No. 1. That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND

RECOMMENDS that the district court DISMISS the Complaint and DENY the IFP Application.

## BACKGROUND

This case arises out of a separate lawsuit that Plaintiff filed in the Circuit Court of the First Circuit, State of Hawaii ("state court"), 1CC-20-0000521 ("state court action"). The Complaint alleges that Judge Ochiai presided over the state court action. ECF No. 1-2 at 1 ¶ 2. In the state court action, Plaintiff sued four defendants, some of whom resided in Japan. *Id.* ¶ 4. Plaintiff thus attempted to serve those defendants in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). *Id.*

The Complaint alleges that Judge Ochiai, in his official capacity as the judge presiding over the state court action, made erroneous findings and rulings regarding Plaintiff's compliance with the Hague Service Convention, among other things. *See generally* ECF No. 1-2. The Complaint also alleges that Judge Ochiai engaged in other acts of misconduct, including making inconsistent rulings regarding the Hague Service Convention, delaying the state court action, and conspiring with the defendants' counsel. *See id.* at 21 ¶¶ 55-57.

The Complaint alleges that Plaintiff has exhausted available state remedies with respect to this issue:

> Plaintiff has already sought remedies for the misstatements regarding the 'Hague Service Convention' and repetitive violations of the 'Hague Service Convention' made by [Judge Ochiai] to the Intermediate Court of Appeals [("ICA")] and Supreme Court of the State of Hawaii [("Hawaii Supreme Court")], however, all requests made by Plaintiff were denied. Accordingly, every remedy for Plaintiff in this matter has been exhausted at the Court of the State of Hawaii.

*Id.* at 22 ¶ 59.

The Complaint asserts claims against Judge Ochiai pursuant to 42 U.S.C. § 1983, alleging that Judge Ochiai's conduct violated Plaintiff's constitutional rights under the Supremacy Clause, First Amendment, and Fourteenth Amendment. *See id.* at 22-35. The Complaint also asserts a claim against Judge Ochiai for "state law torts." *See id.* at 35-36.

## DISCUSSION

I.  The Complaint

    A.  Legal Standards

        1.  Subject-Matter Jurisdiction

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."

3

*United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377.  Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject-matter jurisdiction over the action.  *See Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."); *see also* Fed. R. Civ. P. 8(a)(1).

Because Plaintiff is appearing *pro se*, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*,

66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

        2.      Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss *sua sponte* an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8. *Id.* at 679.

  B. Application of Legal Standards to the Complaint

    1. Subject-Matter Jurisdiction

The Court notes that the Complaint alleges that Plaintiff has exhausted available remedies through the state courts. ECF No. 1-2 at 22 ¶ 59. This allegation is significant because it implicates the *Rooker-Feldman* doctrine, which the Ninth Circuit has previously explained:

> The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. *Rooker*[ *v. Fid. Tr. Co.*], 263 U.S. [413,] 415-16, 44 S.Ct. 149 [(1923)]; [*D.C. Ct. App. v.* ]*Feldman*, 460 U.S. [462,] 482-86, 103 S.Ct. 1303 [(1983)]; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Essentially, the doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments. [*Exxon*, 544 U.S.] at 284, 125 S.Ct. 1517. Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment. The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when "a federal plaintiff asserts as a legal wrong an allegedly erroneous

6

> decision by a state court, and seeks relief from a state court judgment based on that decision . . . ." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

*Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

The Court has carefully reviewed the Complaint and acknowledges that it does not explicitly state that the state court action resulted in a final judgment. Nevertheless, based on the facts alleged therein – namely, that Plaintiff has exhausted all available state remedies – the Court finds that, for purposes of screening the Complaint, it sufficiently alleges that a final judgment has been entered in the state court action.

The Court notes that the legal wrongs Plaintiff asserts in this case are the allegedly erroneous decisions by Judge Ochiai in the state court action. The Court also notes that the Complaint prays for relief from Judge Ochiai's allegedly erroneous decisions and Plaintiff's subsequent unsuccessful appeals therefrom to the ICA and Hawaii Supreme Court. In essence, Plaintiff's present federal action constitutes an improper de facto appeal of the state court action. Based on the foregoing, Plaintiff's action falls under the Ninth's Circuit's definition of the clearest case for dismissal based on the *Rooker-Feldman* doctrine. *See Henrichs*,

474 F.3d at 613 (quoting *Noel*, 341 F.3d at 1164). The Court thus finds that the *Rooker-Feldman* doctrine divests the court of subject-matter jurisdiction and recommends that the district court dismiss Plaintiff's Complaint.

      2.      Judicial Immunity and the Eleventh Amendment as to Plaintiff's § 1983 Claims

The Court finds that, even if Plaintiff established subject-matter jurisdiction, her § 1983 claims against Judge Ochiai would nevertheless fail because Judge Ochiai is entitled to absolute judicial immunity and Eleventh Amendment immunity from these claims.

      a.      Judicial Immunity

"Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1985) (citations omitted). "Moreover, 'judicial immunity is an immunity from suit, not just from ultimate assessment of damages.'" *Morelli v. Hyman*, Civ. No. 19-00088 JMS-WRP, 2020 WL 252986, at *7 (D. Haw. Jan. 16, 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "This immunity applies even when the judge is accused of acting maliciously or corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citations and internal quotation marks omitted). "Judicial immunity

may be overcome only if the judge's actions are 'not taken in the judge's judicial capacity,' or are 'taken in the complete absence of all jurisdiction.'" *Ah Puck v. Werk*, CIV. NO. 17-00154 DKW-KJM, 2017 WL 1731685, at *3 (D. Haw. May 2, 2017) (quoting *Mireles*, 502 U.S. at 11-12).

The Complaint's allegations regarding Judge Ochiai concern only his judicial acts. The Complaint does not allege any acts taken by Judge Ochiai in his individual capacity or in the complete absence of all jurisdiction. Based on the foregoing, the Court finds that Plaintiff's claims rely solely on acts taken by Judge Ochiai in his capacity as the presiding judge in the state court action. Judge Ochiai is thus entitled to absolute judicial immunity from Plaintiff's § 1983 claims for damages.

"Further, except in circumstances not applicable here, 42 U.S.C. § 1983 precludes prospective injunctive relief against state judges on account of their judicial acts." *Morelli*, 2020 WL 252986, at *7. Section 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The Complaint does not allege that Judge Ochiai violated a declaratory decree or that declaratory relief was unavailable. "Nor could it, as '[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the

9

judge's order in state court[,]'" which is what Plaintiff asserts she did, albeit unsuccessfully. *Id.* at *8 (other citations omitted) (quoting *Yellen v. Hara*, CIVIL NO. 15-00300 JMS-KSC, 2015 WL 8664200, at *11 (D. Haw. Dec. 10, 2015)). Thus, to the extent Plaintiff asserts § 1983 claims for prospective injunctive relief, such claims are barred by judicial immunity.

### b. Eleventh Amendment

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984). Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in the official capacities) are immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst*, 465 U.S. at 99. The Eleventh Amendment sovereign immunity applies to § 1983 claims. *See Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267-68 (D. Haw. 2000) (dismissing the plaintiff's § 1983 claims against the State of Hawaii as barred by the Eleventh Amendment).

As set forth above, Plaintiff's claims are based solely on actions taken by Judge Ochiai in his official, judicial capacity. The Court thus finds that Plaintiff's

§ 1983 claims against Judge Ochiai in his official capacity are barred under the Eleventh Amendment.

Because Plaintiff's § 1983 claims against Judge Ochiai are barred by judicial immunity and the Eleventh Amendment, the Court recommends that the district court dismiss these claims with prejudice.

### 3. Supplemental Jurisdiction Over Plaintiff's "State Law Torts" Claim

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state law claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" In light of the Court's findings that the Complaint fails to establish subject-matter jurisdiction and that Plaintiff's § 1983 claims are barred, the Court does not address Plaintiff's "state law torts" claim. The Court recommends that the district court decline supplemental jurisdiction over this claim and dismiss it without prejudice.

In sum, the Court finds that the Complaint fails to allege facts that establish subject-matter jurisdiction. Furthermore, even if Plaintiff established subject-matter jurisdiction, her § 1983 claims against Judge Ochiai are barred by judicial immunity and the Eleventh Amendment. Thus, granting Plaintiff leave to file an amended pleading would be futile. The Court thus recommends that the district court dismiss Plaintiff's § 1983 claims with prejudice. The Court also

recommends that the district court dismiss Plaintiff's "state law torts" claim without prejudice.

II.     IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application.

CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint.  The Court RECOMMENDS that the district court:  (1) DISMISS WITH PREJUDICE Plaintiff's § 1983 claims; and (2) DISMISS WITHOUT PREJUDICE Plaintiff's "state law tort" claim.  The Court also RECOMMENDS that the district court DENY Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 24, 2021.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Shimizu v. Ochiai*, Civil No. 21-00370 HG-KJM; Findings and Recommendation to:  (1) Dismiss Complaint; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.