IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|   |   |
|---|---|
| RIKA SHIMIZU,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEAN E. OCHIAI, individually and in his official capacity as Judge of the Circuit Court of the First Circuit, State of Hawaii,<br><br>        Defendant. | CV. No. 21-00370 HG-KJM |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 7)**

**and**

**DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 11)**

**and**

**DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 12)**

**and**

**DENYING PLAINTIFF'S MOTION FOR PLACING DOCUMENTS ON RECORD (ECF NO. 13)**

On August 30, 2021, Plaintiff Rika Shimizu, proceeding pro se, filed a Complaint against the Honorable Dean E. Ochiai, individually and in his official capacity as a Judge of the

Circuit Court of the First Circuit, State of Hawaii. (ECF No. 1). The Complaint alleges seven claims against the state court judge. The Complaint includes six claims pursuant to 42 U.S.C. § 1983 and a seventh claim for "state law torts."

On the same day, Plaintiff filed an APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 2).

On September 24, 2021, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 7).

On November 8, 2021, Plaintiff filed OBJECTIONS TO HONORABLE MAGISTRATE JUDGE KENNETH J. MANSFIELD'S FINDINGS AND RECOMMENDATION. (ECF No. 11).

On November 18, 2021, Plaintiff filed MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT. (ECF No. 12).

On November 22, 2021, Plaintiff filed MOTION FOR PLACING DOCUMENTS ON RECORD. (ECF No. 13).

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge to determine matters pending before the court. 28 U.S.C. § 636(b)(1)(B).

Any party may object to a magistrate judge's findings and recommendations. Id.; Local Rule 74.1(a). If a party objects

then the district court must review de novo those portions of the magistrate's findings and recommendations to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1)(C).

The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

Plaintiff objects to the Magistrate's Findings and Recommendation to dismiss her Complaint and to deny her application to proceed without prepaying fees or costs. (ECF No. 11). Plaintiff also seeks leave to amend her Complaint. (ECF No. 12). Further, Plaintiff has filed a motion for "placing documents on record." (ECF No. 13). The Court liberally construes Plaintiff's filings as she is proceeding pro se. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

**I.   The Complaint Is Dismissed with Prejudice**

The Magistrate Judge correctly determined that dismissal of Plaintiff's pro se Complaint is warranted for three reasons.

First, the Magistrate Judge construed the Complaint as seeking review of a final state court judgment. A final state court judgment cannot be appealed to federal court pursuant to

the Rooker-Feldman doctrine.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

Plaintiff's Complaint seeks federal court review of a judgment rendered by a judge in a state court proceeding.  The Magistrate Judge correctly found that the Rooker-Feldman doctrine is a bar to subject-matter jurisdiction in this case.

Plaintiff's Objections ignore this central issue.  In fact, Plaintiff's Objections reiterate that she has exhausted all available state remedies for the state court decision she seeks to contest.  (Objs. at p. 10, ECF No. 11).

Second, even if the Complaint could be construed as something other than a de facto appeal from a final state court judgment, Plaintiff's claims fail because the state court judge is entitled to immunity.  Judges are absolutely immune from a damages action for judicial acts taken within their jurisdiction. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). Section 1983 does not allow prospective injunctive relief against state judges for their judicial acts, except in certain circumstances not present here.  Morelli v. Hyman, No. CV 19-00088 JMS-WRP, 2020 WL 252986, at *7 (D. Haw. Jan. 16, 2020). State court judges acting in their official capacity are also entitled to immunity pursuant to the Eleventh Amendment to the U.S. Constitution.  Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021).

4

Plaintiff's Complaint does not sufficiently allege that the state court judge acted beyond the scope of his judicial capacity or in the absence of all jurisdiction, such as would be necessary to overcome judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Plaintiff's Objections do not alter the Magistrate Judge's analysis of Plaintiff's Complaint. Plaintiff makes a variety of allegations relating to decisions rendered by the state court judge, including that he: deprived her of certain rights, violated his oath of office, committed a "fraud" upon the court, and should have recused himself from the case. Yet Plaintiff identifies no facts to suggest the state court judge acted outside his judicial capacity or in the absence of jurisdiction. "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 386 U.S. 547, 554 (1967). Conclusory allegations regarding a judge's alleged impartiality or bias are insufficient to overcome immunity. Van v. United States Dep't of Just., 2018 WL 574883, at *3 (N.D. Cal. Jan. 26, 2018).

Third, the Magistrate Judge did not substantively address Plaintiff's state law claim, having found that the Complaint failed to establish subject-matter jurisdiction. Plaintiff's Objections offer no valid reason why her "state law torts" claim should survive the jurisdictional defect of her Complaint or the

dismissal of her Section 1983 claims.  Following the Magistrate Judge's recommendation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3).

The Magistrate Judge recommended the Complaint in its entirety be dismissed with prejudice as any further amendment would be futile.  Dismissal without leave to amend is warranted when the defects in a plaintiff's pleading cannot be cured by any further amendment.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Magistrate Judge's Findings and Recommendation that the Complaint be dismissed with prejudice is **ADOPTED**.

## II.  Plaintiff's Application to Proceed Without Prepayment of Fees or Costs Is Denied

Plaintiff's Complaint is dismissed with prejudice for lack of jurisdiction and therefore Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is **DENIED.**

## III. Plaintiff's MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT and MOTION FOR PLACING DOCUMENTS ON RECORD Are Denied

Plaintiff's Complaint is dismissed with prejudice in accordance with the Magistrate Judge's Findings and Recommendation.

Plaintiff's requests for leave to amend (ECF No. 12) and her

motion for "placing documents on record" (ECF No. 13) are **DENIED AS MOOT.**

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Magistrate Judge's Findings and Recommendation to: (1) Dismiss Complaint; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 7) are **ADOPTED AS THE OPINION AND ORDER OF THE COURT.**

The Objections do not articulate any basis for change to the Findings and Recommendation of the Magistrate Judge.

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 11) are **DENIED.**

Plaintiff's MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 12) and her MOTION FOR PLACING DOCUMENTS ON RECORD (ECF No. 13) are **DENIED AS MOOT.**

IT IS SO ORDERED.

DATED: November 24, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Rika Shimizu v. Dean E. Ochiai, individually and in his official capacity as Judge of the Circuit Court of the First Circuit, State of Hawaii, Civ. No. 21-00370 HG-KJM; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 7) AND DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 11) AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 12) AND DENYING PLAINTIFF'S MOTION FOR PLACING DOCUMENTS ON RECORD (ECF No. 13)** 8