IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| RIKA SHIMIZU,<br><br>       Plaintiff,<br><br>  vs.<br><br>DEAN E. OCHIAI, Individually and in his Official Capacity as Judge of the Circuit Court of the First Circuit State of Hawaii,<br><br>       Defendant. | Civ. No. 21-00370 HG-KJM |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR TO AMEND JUDGMENT (ECF No. 16)**

    Plaintiff Rika Shimizu, proceeding pro se, has filed a Motion seeking reconsideration of the Court's Order adopting the Findings and Recommendation of the Magistrate Judge dismissing her Complaint with prejudice.

    Plaintiff's Motion merely repeats arguments that were addressed in the Findings and Recommendation and the Order overruling Plaintiff's objections and adopting the Findings and Recommendation.

    Plaintiff's MOTION TO ALTER OR TO AMEND JUDGMENT (ECF No. 16) is **DENIED**.

1

**PROCEDURAL HISTORY**

On August 30, 2021, Plaintiff Rika Shimizu, proceeding pro se, filed a Complaint against the Honorable Dean E. Ochiai, individually and in his official capacity as a Judge of the Circuit Court of the First Circuit, State of Hawaii. (ECF No. 1).

On the same day, Plaintiff filed an APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 2).

On September 24, 2021, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.  (ECF No. 7).

On November 8, 2021, Plaintiff filed OBJECTIONS TO HONORABLE MAGISTRATE JUDGE KENNETH J. MANSFIELD'S FINDINGS AND RECOMMENDATION.  (ECF No. 11).

On November 18, 2021, Plaintiff filed MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT. (ECF No. 12).

On November 22, 2021, Plaintiff filed a MOTION FOR PLACING DOCUMENTS ON RECORD.  (ECF No. 13).

On November 24, 2021, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 7)

and

DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 11)

and

DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 12)

and

DENYING PLAINTIFF'S MOTION FOR PLACING DOCUMENTS ON RECORD (ECF NO. 13).

(ECF No. 14).

Also on November 24, 2021, the Court issued the Judgment. (ECF No. 15).

On December 22, 2021, Plaintiff filed a Motion to Alter or Amend Judgment.  (ECF No. 16).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

### **STANDARD OF REVIEW**

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered a motion filed pursuant to Federal Rule of Civil Procedure 59(e).  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule

59(e):

    (1)    If such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;

    (2)    If such motion is necessary to present newly discovered or previously unavailable evidence;

    (3)    If such motion is necessary to prevent manifest injustice; or,

    (4)    If an amendment to the judgment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). There may also be other, highly unusual, circumstances warranting reconsideration. Sch. Dist. No. 1J, Multnomah Cnt., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## ANALYSIS

The Court construes Plaintiff's Motion to Alter or Amend Judgment (ECF No. 16) liberally because Plaintiff is proceeding pro se. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

Even liberally construed, Plaintiff's Motion does not establish grounds to justify reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

On November 24, 2021, the Court dismissed Plaintiff's Complaint against Hawaii State Court Judge Ochiai based on well-settled and binding precedent that holds that judges are

absolutely immune from civil liability for acts performed in the exercise of their judicial functions.  (Order Adopting Findings and Recommendation and Dismissing Plaintiff's Complaint With Prejudice, ECF No. 14).

Plaintiff's Motion to Alter or Amend the Judgment seeks reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  Plaintiff asserts that she seeks reconsideration to prevent manifest injustice.

First, Plaintiff argues that Judge Ochiai violated the law when he dismissed the complaint Plaintiff filed in Hawaii State Court in the civil proceedings held before him.  Plaintiff requests that the federal court review the state court proceedings.  As explained in the Findings and Recommendation and the Court's order adopting it, a final state court judgment cannot be appealed to federal court pursuant to the Rooker-Feldman doctrine.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

Plaintiff's mere disagreement with the Court's previous ruling regarding the Rooker-Feldman doctrine is not a sufficient basis for reconsideration.  McAllister v. Adecco Grp. N.A., 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018) (citing White v. Sabatino, 424 F.Supp. 2d 1271, 1274 (D. Haw. 2006)).

Second, Plaintiff asserts that Judge Ochiai is not entitled to judicial immunity because she alleges that her constitutional

rights were violated when he dismissed the case she filed in Hawaii State Court.

As previously explained, judges are absolutely immune from a damages action for judicial acts taken within their jurisdiction. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff's Motion simply repeats arguments that were already considered and rejected by this Court. Plaintiff's disagreements with the law regarding judicial immunity, the Eleventh Amendment, and the Rooker-Feldman doctrine do not provide a legitimate basis to alter or amend the Judgment issued in this case.

Reconsideration is an extraordinary remedy which is to be used sparingly in the interests of finality and conservation of judicial resources. Plaintiff's Motion does not set forth a basis for such an extraordinary remedy. Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff has not identified any error of law or fact, any newly discovered or previously unavailable evidence, any change in law, or any other circumstance that would require reconsideration of this matter. Allstate Ins. Co., 634 F.3d at 1111.

## CONCLUSION

Plaintiff's MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 16) is **DENIED.**

The Clerk of the Court is **ORDERED** to **CLOSE THE CASE**.

No further filings in this case will be accepted by the District Court without prior permission of the District Judge.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 5, 2022.



Helen Gillmor
United States District Judge

Rika Shimizu v. Dean E. Ochiai, individually and in his official capacity as Judge of the Circuit Court of the First Circuit, State of Hawaii, Civ. No. 21-00370 HG-KJM; **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 16)**

7